

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| ADRIAN, JUSTIN, CHARLES, EVELYN & CRYSTAL HARRISON | * | CIVIL ACTION NO. |
|---|---|---|
| | * | |
| | * | JUDGE **08-2651** |
| VERSUS | * | |
| | * | JURY TRIAL REQUESTED |
| ALLSTATE INSURANCE COMPANY | | |

SECT. L MAG. 3

## SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **ADRIAN, JUSTIN, CHARLES, EVELYN & CRYSTAL HARRISON**, who is a person over the age of majority and a domiciliary of the State of Louisiana, who respectfully represents the following:

1.

Made defendant herein is ALLSTATE INSURANCE COMPANY, which upon information and belief, is a foreign insurer, licensed to do and doing business in the State of Louisiana, and who, by operation of law, has appointed the Louisiana Secretary of State as its agent for service of process.

2.

At all relevant times herein, Defendant had in full force and effect a homeowner's insurance policy or other policy of insurance in favor of Plaintiff(s), which provided coverage for claims of the nature asserted herein by the Plaintiffs. In particular, under its policy of insurance insurer agreed to pay for damages or losses to Plaintiff's dwelling, dwelling extension, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law.

3.

Plaintiff herein is over the age of majority, and at all material times, was domiciled in the State of Louisiana and including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by defendants located in the State of Louisiana at municipal address: **6101 TULLIS DRIVE, APT. F112, NEW ORLEANS, LOUISIANA**

4.

Plaintiff alleges that the loss of their dwelling, dwelling extensions, other structures and/or personal property/contents was caused in whole or in part by perils covered by the homeowners' insurance policy issued by defendant herein to plaintiff(s).

5.

Furthermore, plaintiff(s) sustained damages or losses in Louisiana to their dwelling, dwelling extension, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by the policy; confected their homeowner's contract with the insurer in Louisiana, and seek damages pursuant to Louisiana law, including but not limited to LSA-R.S. 22:695(A), Louisiana's Value Policy Law (VPL), which provides in pertinent part:

> Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate the covered loss of, or damage to, such property which occurs during the term of the policy at such valuation

without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application thereof, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

6.

Additionally, as a result of the hurricane force winds of Katrina (the efficient proximate cause), plaintiff(s) sustained a substantial loss to their immovable property, personal property/contents and all improvements thereon such that the value of the losses exceeded the policy limits of coverage. Therefore plaintiff(s) are entitled to the policy limits with regard to all coverage, including but not limited to, dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by the policy or otherwise available under Louisiana law.

7.

On August 29, 2005, Hurricane Katrina made landfall in Southeast Louisiana as a Category 4 hurricane bearing sustained winds of approximately 140 miles per hour with gusts of 155 miles per hour.

8.

The insured immovable property and all improvements thereon owned by plaintiff(s) sustained a covered loss or damage under the policy issued by the insurer (defendant).

9.

Plaintiff's insured immovable property and all improvements thereon sustained wind damages from hurricane force winds, which is a covered peril under the policy of insurance issued by defendant.

10.

As a result of Hurricane Katrina, Plaintiffs sustained substantial damage to their immovable property rendering it substantially damaged and/or a total loss.

11.

Insurer placed a valuation upon the insured property owned by plaintiff(s).

12.

Insurer used each such valuation to for the purpose of determining the premium charges to be made under the policy of insuring plaintiff(s) immovable property.

13.

The homeowner's or other fire insurance policy or other policies of insurance, and any application therefore, issued to insured(s) by insurer, did not set forth in type of equal size a different method of loss computation in the event of a total loss as permitted by LSA-R.S. 22:695(A).

14.

Accordingly, plaintiff(s) is entitled to recover the full face value stated in the policy covering their immovable property and other structures, without deduction or offset, pursuant to LSA-R.S. 22:695(A).

15.

In the alternative, if the court finds that LSA-R.S. 22:695(A) does not apply to the immovable dwelling, dwelling extension and other structures owners by plaintiff(s) above, then Plaintiffs aver that insurer failed to properly adjust and/or appraise their dwelling, dwelling extension and other structures damaged as a result of Hurricane Katrina, and that additional monies are owed to plaintiff(s) for the dwelling, dwelling extension and other structures pursuant to the Plaintiffs' homeowner's policy.

16.

Additionally, Plaintiffs aver that they suffered losses to their personal property/contents, that said personal property/contents was damaged or destroyed by Hurricane Katrina, and that said damages have rendered plaintiffs' personal property/contents a total loss. Further, Plaintiffs dispute that insurer has fully compensated them for their personal property/contents coverage pursuant to their homeowner's coverage and claim that additional money is owed to them for their personal property/contents damaged or destroyed by Hurricane Katrina.

17.

The homeowner's policy of insurance issued by Defendant to Plaintiffs herein included coverage for Plaintiff's personal property/contents, and in issuing coverage for said personal property/contents, and in issuing coverage for said personal property/contents, Defendant herein placed a valuation on Plaintiffs' covered personal property/contents which was used for purposes of determining the premium charges to be made under said policy to Plaintiffs.

18.

Neither the homeowner's policy issued by Defendant herein to Plaintiffs herein, nor any application therefore, set forth in type of prominent size a different method to be used in the computation of Plaintiffs' loss of personal property/contents, as set forth in LSA-R.S. 22:667.

Accordingly, Plaintiffs herein are entitled to recover the full face value, without deduction or offset, stated in the homeowner's policy issued by Defendant to Plaintiffs for coverage of their personal property/contents pursuant to the provisions of LSA-R.S. 22:667.

19.

Additionally, Plaintiffs dispute that insurer has fully compensated them under their additional living expenses/loss of use coverage and claim that they are owed additional living expenses/loss of use monies.

20.

Additionally, Plaintiffs dispute that insurer has fully compensated them for all other relief provided by the policy and claim that they are owed all other relief provided by their policy.

21.

Additionally, Plaintiffs allege that the efficient proximate cause of the damages and losses to their dwelling, dwelling extension, other structures, personal property/contents, additional living expenses/loss of use and/or all other relief provided by the policy, were the severe winds of Hurricane Katrina and that the anti-concurrent cause clause provision used by insurer to deny the numerous claims of Plaintiffs is in violation of the efficient proximate cause rule and is vague and ambiguous, rendering insurer liable to the Plaintiffs for damages and losses to their dwelling, dwelling extension, other structures, personal property/contents, for additional living expenses/loss of use, and/or for all other relief provided by the insurance policy.

22.

The flooding entering the City of New Orleans and surrounding parishes resulted from breaches in and the failure of the canals/levees and/or levee/canal walls along the 17th Street

Canal, London Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet and elsewhere, and were the result of the acts of negligence in the design, construction and maintenance of said levees/canals and levee/canal walls.

23.

The breaking or failure of the levee/canal systems in the City of New Orleans and surrounding parishes which resulted from negligent acts is a peril not specifically excluded by the policy of homeowner's insurance issued by Defendant to Plaintiffs herein, in contrast to other policies available in the market, and neither falls within the regular definition of flood, nor within any of the said insurance policy's exclusions of flood.

24.

Defendant negligently, recklessly and/or intentionally ignored clear evidence that wind and wind driven rain caused severe damage to Plaintiffs' covered property prior to any flooding.

25.

Defendant recklessly disregarded its duty to fairly deal with Plaintiffs and act in good faith.

26.

Upon information and belief, and out of an abundance of caution, Plaintiffs further allege that insurer acted arbitrarily and capriciously in adjusting and appraising the damages and losses to their dwelling, dwelling extensions, other structures, personal property/contents, and/or for additional living expenses/loss of use, and/or for all other relief provided by the policy and/or in paying an appropriate amount of such damages after satisfactory proof of loss. Additionally, it has been more than sixty (60) days (or at least thirty (30) days) since satisfactory proof of loss

were submitted and more than sixty (60) days (or at least thirty (30) days) since an inspection was made or should have been made. Accordingly, in that event, Plaintiffs are entitled to recover from insurer under LSA-R.S. 22:1220 and/or LSA-R.S. 22:658 damages, penalties, attorneys fees, costs and/or any other relief set forth therein.

27.

Plaintiffs request trial by jury. The amount in controversy exceeds the jurisdictional amount required for a trial by jury.

**WHEREFORE** Plaintiffs pray that after being served with a copy of this Second Amended Complaint, Defendant will be made to answer, and after a trial by jury, Plaintiffs be awarded all damages to which they are entitled either by law and/or pursuant to the terms of the contract of insurance.

**RESPECTFULLY SUBMITTED,**

**BECNEL LAW FIRM, L.L.C.**
Daniel E. Becnel, Jr. (La. 2926)
106 W. 7th St., P.O. Drawer H
Reserve, LA 70084
(985) 536-1186
(985) 536-6445 (facsimile)
dbecnel@becnellaw.com